IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY CIEUTAT, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION 09-00161-KD-B |
| ) | |
| SUNDERLAND MARINE MUTUAL ) | |
| INSURANCE COMPANY LIMITED, ) | |
| ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiffs Johnny Cieutat and Cieutat Trawlers, Inc.'s Motion to Remand (Doc. 5), which was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Plaintiffs' motion, and Defendant's response in opposition, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Mobile County, Alabama.

### I. Background

Plaintiffs Johnny Cieutat and Cieutat Trawlers, Inc. filed a Complaint against Defendant Sunderland Marine Mutual Insurance Company Limited in the Circuit Court of Mobile County on December 11, 2008. (Doc. 1, Attachment 1). In their Complaint, Plaintiffs assert that they purchased a policy of insurance with Defendant Sunderland Marine Mutual Insurance Company Limited (hereinafter "Defendant" or "Sunderland Marine"), that the policy provided coverage for personal injury claims, that they were sued by Donald

Lingo in a separate state court action for personal injuries under the Jones Act, 46 U.S.C. § 688, that the policy was in effect at the time of the alleged loss, that Plaintiffs complied or stood ready to comply with their obligations under the policy, and that Defendant wrongfully failed to defend the claim and/or pay the claim.  Plaintiffs assert claims for Bad Faith "Abnormal" -- Duty to Defend, Bad Faith "Normal" -- Duty to Defend, Bad Faith -- "Abnormal" -- Duty to Pay, Bad Faith "Normal" -- Duty to Pay, Breach of Contract, and Negligence.  In their prayer for relief, Plaintiffs seek "compensatory damages, punitive damages, costs, expenses and prejudgment interest in excess of the minimal jurisdictional limits of this Court."  (Doc. 1, Attachment 1).

2.   On March 25, 2009, Defendant filed a Notice of Removal with this Court. (Doc. 1)  In the Notice, Defendant alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs, that Plaintiffs are citizens of Alabama, and that Defendant was incorporated in the United Kingdom, and has its principal place of business in Durham, United Kingdom.  Defendant attached to its Notice, a copy of Plaintiffs' state court Complaint, a copy of the state Court service documents, and a copy of Plaintiffs' discovery requests. (Doc. 1, Attachments 1, 2, 3).

3.   Less than thirty days later, Plaintiffs, on April 2, 2009, filed a Stipulation and Motion to Remand (Doc. 5).  In the one paragraph Motion, Plaintiffs "stipulate that they will not claim damages against Defendant in excess of $74,999.99" and request that the Court remand this case back to the Circuit Court of Mobile County. (Id.)

4.   Defendant filed a response in opposition to Plaintiff's Motion to Remand (Doc. 13).  Defendant argues that Plaintiffs' Motion to Remand should be denied because while Plaintiff's complaint does not contain a specific amount for damages, it is clear that Plaintiffs are seeking to recover damages associated with the Lingo lawsuit, which ultimately resulted in a default judgment against Plaintiff in the amount of $150,000.  In support of its response, Defendant attached a copy of Plaintiff's state court complaint (Doc. 13, Ex. A), a copy of Donald Gary Lingo's state court complaint (Doc. 13, Ex. B), and a copy of the state court's Order granting Lingo a default judgment against Plaintiff Johnny Cieutat d/b/a "The Shootist" in the amount of $150,000.  Defendant asserts that it is clear that Plaintiffs are seeking to hold Defendant liable for the $150,000 default judgment entered in the Lingo case, and given that the default judgment is far in excess of the $75,000 jurisdictional amount, Plaintiff's stipulation regarding damages fails to provide an adequate basis for remand.

## II.   Discussion

Federal Courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases.  *See* Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (llth Cir. 2000).  In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction.  Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction.  See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (llth Cir. 2001).

Removal statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim.") (citations omitted).  In removal actions, the removing party bears the burden of establishing jurisdiction.  Diaz v. Sheppard, 85 F. 3d 1502, 1505 (11th Cir. 1996).  Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Id.  A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction.  See 28 U.S.C. § 1441(a).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000.  See 28 U.S.C. § 1332(a). The amount in controversy must exceed "the sum of $75,000, exclusive of interest and costs. Id.  The defendant must prove that the amount in controversy exceeded $75,000 at the time when the case was removed.  Leonard v. Enter. Rent a Car, 279 F. 3d 967, 972 (11th Cir. 2002).

In Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit differentiated between motions to remand made within the first 30 days following removal and motions to remand made outside of the first 30 days following removal. Id. at 1214, n.64.  The Eleventh Circuit noted that a plaintiff has only 30 days

from the notice of removal to file a motion to remand challenging any procedural defects, whereas the existence of subject matter jurisdiction may be challenged at any time. Id. at 1213-1214, 1218. However, when a motion to remand, based on either procedural defect or lack of subject matter jurisdiction is filed within the first 30 days after removal, the court's assessment of the propriety of the removal is limited to the removing documents. If that evidence [the notice of removal and accompanying documents] is insufficient to establish that removal is proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. Id. at 1214-1215 (footnotes and citations omitted). Therefore, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Id. at 1211. See also Williams v. Best Buy Co., 269 F.3d. 1316, 1319 (11th Cir. 2001); Wallace v. Kentucky Fried Chicken, 2008 U.S. Distr. LEXIS 80151, (S.D. Ala. Oct. 9, 2008).

In Lowery, the Eleventh Circuit did, however, observe in a footnote that there are some exceptions to the rule that the court is limited to considering the removing documents where the remand motion is filed within the first thirty days. Lowery, 483 F.3d at 1215, n.66. According to the Court, a defendant would be free to introduce evidence regarding damages arising from a source such as

5

a contract provision whether or not the defendant received the contract from the plaintiff. Additionally, the Court observed that in some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice. "For example, such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal." Id.

In this case, Plaintiff's Motion to Remand was filed less than a week after the removal. Ordinarily, at that juncture, the Court's review is limited to the removal papers. A review of Defendant's Notice of Removal and supporting documents does not evidence information regarding the amount in controversy. In its Notice, Defendant merely asserts that the amount in controversy exceeds $75,000 and offers no facts in support of its assertion. The only documents attached to the Notice, namely Plaintiffs' Complaint, discovery requests, and service documents, do not contain any information regarding the specific amount being sought. Accordingly, it is clear that the documents before the Court at the time of Removal are not sufficient to establish that the amount in controversy exceeds the $75,000 jurisdictional amount.

As noted supra, in the Lowery decision, the Eleventh Circuit observed that a defective removal could be cured and listed as

examples a contract provision or a paper received from the Plaintiff that provided sufficient grounds for removal.  In this case, in response to Plaintiff's Motion to Remand and Stipulation, Defendant filed a copy of a state court order granting against Plaintiff, Johnny Cieutat d/b/a "The Shootist," a default judgment in the amount of $150,000.  Defendant asserts that the fact that a $150,000 default judgment has been awarded against Plaintiffs in the underlying action and that Plaintiffs are seeking to recover damages incurred as a result of the underlying lawsuit, as well as damages for bad faith, and punitive damages in this lawsuit, is sufficient to establish that the amount in controversy in this case is more than $75,000, notwithstanding Plaintiffs' stipulation that Plaintiffs " will not claim damages against Defendant in excess of $74,999.99."

As a threshold matter, the undersigned finds that the state court order, which entered a default judgment against Plaintiff Johnny Cieutat d/b/a "The Shootist" in the underlying case appears to be the type of probative evidence referenced by the Court in <u>Lowery</u> that, although beyond the removal documents, may be utilized by the Court in determining the amount of damages.  Thus, it is evidence which the Court may consider in determining whether the jurisdictional amount has been met.

"'When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the

litigation from the plaintiff's perspective.'" <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003). <u>See also</u> <u>Macy's Fla. Stores, LLC v. Ill. Nat'l Ins. Co.</u>, 2008 U.S. Dist. LEXIS 64908 (S.D. Fla., July 11, 2008)("'In an action by an insurance company seeking a declaration that it has no duty to defend or indemnify its insured in an underlying action, the court examines the following factors to determine the amount in controversy: (1) the coverage limits of the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.'")(quoting <u>Clarendon America Ins. Co. v. Miami River Club, Inc.</u>, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006)).

In the instant case, Defendant has shown that a $150,000 default judgment has been rendered against Plaintiff Johnny Cieutat d/b/a "The Shootist" in the underlying Jones Act case.  At first blush, this would readily seem to establish that the value of Plaintiffs' claim is well over the jurisdictional limit. Defendant, however, has provided no information regarding the coverage limit of the insurance policy in issue.  In the absence of such information, the extent of Defendant's exposure is not clear.  In other words, while the $150,000 default judgement clearly meets the jurisdictional limit, without information regarding the coverage amount contained in the policy, the Court cannot determine the amount in controversy because if the policy limit is substantially

low, Defendant's exposure may fall well below the jurisdictional amount notwithstanding the default judgment entered against Plaintiff in the underlying action[1]. See generally Employers Mut. Cas. Co. v. Parker Towing Co., 2007 U.S. Dist. LEXIS 94584, 2007 WL 4577705,*2 (S.D. Ala. Dec. 27, 2007) (a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold). Accordingly, based upon the record before the Court, the undersigned cannot determine that the amount in controversy exceeds the jurisdictional amount; therefore, the undersigned recommends that Plaintiffs' Motion to Remand be GRANTED.

**III. Conclusion**

Based upon a careful review of Plaintiffs' Motion and Defendant's brief in opposition, the undersigned RECOMMENDS that Plaintiffs' Motion to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Mobile County, Alabama.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[1]The undersigned also notes that while Plaintiffs have requested damages for bad faith, and for punitive damages, the record contains no evidence from which the value of these damages can be calculated.

low, Defendant's exposure may fall well below the jurisdictional amount notwithstanding the default judgment entered against Plaintiff in the underlying action[1]. See generally Employers Mut. Cas. Co. v. Parker Towing Co., 2007 U.S. Dist. LEXIS 94584, 2007 WL 4577705,*2 (S.D. Ala. Dec. 27, 2007) (a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold). Accordingly, based upon the record before the Court, the undersigned cannot determine that the amount in controversy exceeds the jurisdictional amount; therefore, the undersigned recommends that Plaintiffs' Motion to Remand be GRANTED.

**III. Conclusion**

Based upon a careful review of Plaintiffs' Motion and Defendant's brief in opposition, the undersigned RECOMMENDS that Plaintiffs' Motion to Remand be GRANTED, and that this case be REMANDED to the Circuit Court of Mobile County, Alabama.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[1]The undersigned also notes that while Plaintiffs have requested damages for bad faith, and for punitive damages, the record contains no evidence from which the value of these damages can be calculated.

DONE this **22nd** day of **June, 2009.**

                                                **/s/ SONJA F. BIVINS**
                                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

11

3.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

>      **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**