IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY CIEUTAT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 09-161-KD-B |
| SUNDERLAND MARINE MUTUAL | ) |
| INSURANCE COMPANY LIMITED, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Cieutat's motion to remand. (Doc. 5). A hearing was held July 13, 2009, on the issue. Upon consideration, the motion to remand is **GRANTED.**

Plaintiff Johnny Cieutat filed a state court action against Defendant Sunderland Marine Mutual Insurance Company, Ltd. alleging breach of contract and bad faith. (Doc. 1-2). Specifically, Cieutat alleges that he had an insurance policy with Sunderland under which Sunderland provided "coverage for personal injury claims." (Id.) Cieutat further claims that a personal injury lawsuit was filed against him in 2001 by Donald Lingo and that Sunderland failed to defend and pay the claim. (Id.) Cieutat requests compensatory and punitive damages in excess of the minimal jurisdictional limits of Mobile County Circuit Court, *i.e.*, $10,000. In his motion to remand, Cieutat simply states that he will not claim damages in excess of $74,999 for the alleged breach of contract suit against Sunderland. (Doc. 5).

Sunderland removed the action to federal court claiming diversity of citizenship and an amount in controversy of more than $75,000. (Doc. 1). No documents accompanied the removal notice that unambiguously established the amount in controversy. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007) (stating that "[i]f the jurisdictional amount is either stated

clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand[]").

To support the amount in controversy, Sunderland points to the default judgment of $150,000 that was entered against Cieutat in the personal injury lawsuit at issue. Sunderland also argues that the Court should not consider Cieutat's stipulation that he does not claim in excess of $74,999 because it is inconsistent with facts alleged in the Complaint, thus it is an attempt to amend the Complaint after federal jurisdiction has attached. Specifically, because Cietuat seeks damages for Sunderland's alleged breach of the insurance contract (*i.e*., refusing to provide a defense and denying the claim), Sunderland assumes that Cietuat seeks at least damages of $150,000, which represents the default judgment entered against him. However, Cieutat has not specifically claimed that he is owed the $150,000, rather the Complaint is silent regarding what damages he seeks. Thus, Cietuat's stipulation that he is claiming no more than $74,999 is not inconsistent with the Complaint. Rather, it clarifies what Cietuat seeks in this lawsuit as damages for the alleged breach of contract by Sunderland. The amount in controversy is the amount that is claimed by the plaintiff, not the amount that could be claimed. Mas v. Perry, 489 F.2d 1396, 1400 (5th Cir. 1974) (providing that it is well settled that the amount in controversy is determined by the amount claimed by the plaintiff in good faith).[1]

Moreover, at the hearing Cieutat further explained the basis of his claim. Specifically, although a default judgment of $150,000 was entered against him on October 26, 2001, the failure to defend claim is not based on failure to defend in the 2001 lawsuit, but rather the failure to defend

---

[1] Decisions issued by the former Fifth Circuit rendered prior to October 1, 1981 are valid precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Cieutat (*i.e.*, attempt to set aside the default judgment) when Cieutat notified Sunderland of the default judgment in 2006. Also, the failure to pay claim is not based on failing to pay the $150,000 default judgment, but rather the failure to pay a $15,000 settlement that was paid to settle the underlying Lingo suit after the default judgment was set aside.

Accordingly, because Sunderland has failed to establish diversity jurisdiction, Cietuat's motion to remand is **GRANTED.**

**DONE** and **ORDERED** this the **22nd** day of **July 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**